### S. A. DANIEL ET AL. v. C. L. WATSON ET AL.
#### No. 2599.

**Vendor's Lien—Pleading.**—In a suit to enforce the vendor's lien the petition set out the purchase money note with a defective description of the land and acknowledged a partial payment upon the note with a release of a given number of acres. Judgment was asked for balance due upon the note and foreclosure of the lien upon the balance of the land without further description. *Held:*

1. Error to render judgment foreclosing the lien upon the entire tract.

2. There being no description of the land upon which the lien is sought to be foreclosed a foreclosure can not be adjudged.

APPEAL from Freestone. Tried below before Hon. Sam R. Frost.
The facts are given in the opinion.

*Kirven, Gardner & Etheridge,* for appellants. — 1. When plaintiffs' petition seeks a foreclosure on only 200 acres of land it is error for the court to decree a foreclosure on 703 acres.

2. The court erred in rendering any judgment of foreclosure because the 200 acres upon which the petition alleged a lien and sought a foreclosure was nowhere therein described. The land upon which a foreclosure is sought must be described.

STAYTON, CHIEF JUSTICE.—This action was brought by C. L. Watson, surviving partner of a firm originally composed of himself and N. C. Watson. It was brought to recover a balance alleged to be due on a

promissory note for $1430, given for the purchase of two tracts of land described in the petition and together containing 703 acres. The petition alleged that $1197 had been paid on the note, and that the vendor's lien on 500 acres of the land had been relinquished, and it only prayed for a foreclosure of the lien on 200 acres of the land. Whether the relinquishment of lien was on an undivided 500 acres or upon a particular part of one of the tracts or upon particular parts of each was not averred.

There was nothing in the petition to identify the land on which the lien had been released, nor to identify the 200 acres on which foreclosure was asked.

The court below rendered a judgment for the balance due on the note, and established a lien on the entire 703 acres, which it directed to be sold in satisfaction of the judgment. This is assigned as error.

The petition did not state facts which identified the 200 acres on which the court was asked to establish and foreclose a lien, but upon its face did show that the plaintiff was not entitled and did not seek to have a lien foreclosed on the entire lands for which the note was executed.

It not furnishing a basis on which the relief sought could be granted it was error to enter a judgment enforcing a lien on any part of the lands described in it, and the judgment is oppressive in that it enforces a lien against land on which plaintiff expressly averred the lien had been extinguished and against which he sought not to enforce any claim.

The judgment of the court below will be reversed, and as there is nothing in the pleadings from which it can be here correctly entered, the cause will be remanded.

*Reversed and remanded.*

Opinion February 8, 1889.